```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| NN&R, INC., | |
| Plaintiff, | HON. JEROME B. SIMANDLE |
| v. | Civil No. 03-5011 (JBS) |
| ONE BEACON INSURANCE GROUP, and its successor, derivative or acquiring entities and TRIESTER, ROSSMAN & ASSOCIATES, INC., | **OPINION** |
| Defendants. | |

APPEARANCES:

Daniel B. Zonies, Esq.
LAW OFFICES OF DANIEL B. ZONIES
1522 Route 38
Cherry Hill, New Jersey 08002
    Attorney for Plaintiff

Cheryl M. Nicolson, Esq.
MALLON & BLATACHER, ESQS.
608 N. Broad Street
Suite 310
Woodbury, New Jersey 08096
    Attorney for Triester, Rossman & Associates, Inc.

**SIMANDLE**, U.S. District Judge:

    Plaintiff, a New Jersey corporation, has brought this action against Defendants One Beacon Insurance Group ("One Beacon") and Triester, Rossman & Associates, Inc. ("Triester"), alleging claims for breach of contract, bad faith dealing and common law fraud, as well as claims under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, and the New Jersey Unfair Claim Settlement Practices Act, N.J.S.A. 17B:30-13.1.  (Am. Compl.)

Defendant Triester has moved for judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P.[1] [Docket Item 28.]

**I.   BACKGROUND**

This action arises from the structural collapse of a building at 326 Market Street, Camden New Jersey.  Plaintiff, the alleged owner and operator of a small restaurant and apartment units located at that address, alleges that the building was severely damaged in February 2000 when the contiguous property was legally demolished.  Prior to that event, CGU Insurance, One Beacon's predecessor, issued insurance policies through Triester, Rossman & Associates, Inc., providing property and liability coverage to Plaintiff.  A dispute involving one of those policies, Number CPLP 53356 (the "Policy"), has given rise to this action.

Plaintiff, together with William Rosenberg, filed its original complaint against Defendant One Beacon in Superior Court, Camden County, New Jersey, alleging claims of breach of contract and common law fraud, as well as claims under the Consumer Fraud Act.  (Compl.)  The case was removed to this Court, [Docket Item 1,] and Defendants subsequently moved for dismissal and a more particularized pleading of the fraud claims asserted by NN&R.

---

[1] By Opinion and Order dated March 15, 2005, the Court granted in part the motion to dismiss the amended complaint by Defendant One Beacon. [Docket Items 36, 37.]

By Order dated May 7, 2004, this Court dismissed all claims asserted by William Rosenberg individually, and granted One Beacon's motion for a more particularized pleading, requiring Plaintiff to file and serve an Amended Complaint which clarified the basis for:

(1) its common law fraud claim;

(2) its claim of violations of the New Jersey Consumer Fraud Act, providing special emphasis in the amendment on allegations involving pre-insurance events and insurance adjustment practices; and

(3) its claim regarding a breach of the duty of good faith and fair dealing, providing special emphasis in the amendment on allegations involving a delay in payments under the policy.

[Docket Item 16.]  Plaintiff then filed the Amended Complaint which is the subject of the instant motion.

## II. STANDARD OF REVIEW

### A. Rule 12(c) Motion For Judgment on the Pleadings

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  The same standard for determining a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) is used for motions under Rule 12(c). In re K-Dur Antitrust Litigation, 338 F.Supp.2d 517, 528 (D.N.J. 2004).

Motions under Rule 12(b)(6) must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A district court must accept any and all reasonable inferences derived from those facts. Unger v. Nat'l Residents Corp. v. Exxon Co., U.S.A., 761 F.Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Sav. Bank, 748 F.Supp. 254, 260 (D.N.J. 1990). Further, the court must view all allegations in the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

It is not necessary for the plaintiff to plead evidence, and it is generally not necessary to plead the facts that serve as the basis for the claim. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977); In re Midlantic Corp. Shareholder Litigation, 758 F.Supp. 226, 230 (D.N.J. 1990). The question before the court is not whether plaintiffs will ultimately prevail; rather, it is whether they can prove any set of facts in support of their claims that would entitle them to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In other words, in deciding a motion for a judgment on the pleadings, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and

construing them in a light most favorable to the nonmovant, plaintiff's allegations state a legal claim.  Markowitz, 906 F.2d at 103.

In an action for fraud, such as this one, plaintiffs are subject to heightened pleading requirements.  Specifically, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b).  To be sure, Rule 9(b) does not require that plaintiffs claiming fraud plead the date, place or time of the fraud so long as they use "alternative means of injecting precision and some measure of substantiation into their allegations of fraud."  Mardini, 92 F.Supp.2d at 385 (quoting Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 658 (3d Cir. 1998)).  However, in order to satisfy the "required level of specificity articulated in Rule 9(b)," a plaintiff may not rely merely on "conclusory statements."  Mardini, 92 F.Supp.2d at 385.  Instead, the plaintiff must indicate at the very least who made the material representation giving rise to the claim and what specific representations were made.  Id.

**III. DISCUSSION**

    A.    <u>Count I – Common Law Fraud and Breach of Contract</u>

        1.    <u>Common Law Fraud</u>

Plaintiff claims in Count I that Defendant Triester fraudulently misrepresented to Plaintiff that incremental increases in premiums under the Policy would be accompanied by increases in coverage when, in fact, that was not the case. "In order to articulate a cause of action for fraud, a plaintiff must show that the defendant made 'a material representation of a presently existing or past fact, . . . with knowledge of its falsity and with the intention that the other party rely thereon, resulting in reliance by that party to his detriment.'" <u>Mardini v. Viking Freight, Inc.</u>, 92 F.Supp.2d 378, 385 (D.N.J. 1999) (quoting <u>Nappe v. Anschelewitz, Barr, Ansell & Bonello</u>, 477 A.2d 1224, 1232 (N.J. 1984)).

Here, as this Court has already noted, <u>see</u> <u>NN&R v. One Beacon</u>, 362 F.Supp.2d at 518-19, a proper reading of the Amended Complaint reveals that the misrepresentations alleged by Plaintiff were made exclusively by Bob Kasen, an employee of Triester. (Am. Compl. ¶¶ 2-4.) Indeed, Plaintiff alleges that it "solely dealt with Bob Kasen" at the time it secured the coverage at issue. (<u>Id.</u> ¶ 2.) Thus, Triester's argument that "Plaintiff failed to specify [in the Amended Complaint] which actions are attributable to [Triester] and which are attributable to One Beacon," (Def. Br. at 13,) is simply misguided.

6

Furthermore, Kasen's alleged misrepresentations can be attributed to Triester.  If an individual or an entity is clothed with apparent or real authority to speak and act for and on behalf of another, the latter is bound thereby.  <u>Kugler v. Koscot Interplanetary, Inc.</u>, 293 A.2d 682, 690 (N.J. Super. Ct. Law Div. 1972) (citing <u>Goodman v. FTC</u>, 244 F.2d 584, 592 (9th Cir. 1957)).  Here, because Bob Kasen is alleged in the Amended Complaint to be a Triester employee, for purposes of this motion he was clothed which such authority.  Accordingly, Plaintiff has properly pleaded a cause of action for common law fraud in Count I.

    2.   <u>Breach of Contract</u>

Plaintiff additionally claims in Count I that Triester breached the terms of the Policy by failing to make certain payments to Plaintiff in connection with the damage sustained to the insured property.  Defendant Triester, on the other hand, seeks dismissal of the breach of contract claim in Count I on the basis that the Policy obtained in 1989 was not in effect at the time that Plaintiff's building sustained damage.  (Def. Br. at 13.)  The Amended Complaint, however, states that the coverage provided by the Policy at issue lasted "through and beyond February of 2000."  (Am. Comp. ¶ 2.)  Plaintiff's allegations in Count I are, thus, sufficient to make out a claim for breach of contract.

B.  <u>Count II – New Jersey Consumer Fraud Act</u>

Plaintiff claims in Count II that Defendants violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 <u>et</u> <u>seq.</u>, when Bob Kasen materially misrepresented to Plaintiff that the incremental increases in its insurance premium would be accompanied by increases in coverage. (Am. Compl. Count II ¶¶ 3, 4.)  Triester, on the other hand, argues that Plaintiff has "failed to plead any logical relation or sequence between the 1989 purchase of the policy and the losses related to the building collapse on February 25, 2000" and, thus, that the unconscionable commercial practice complained of was not "'in connection with' the sale of merchandise."[2] (Def. Br. at 17.)

Under N.J.S.A. 56:8-2:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, os declared to be an unlawful practice . . . .

---

[2] Additionally, Triester argues that the applicable statute of limitations bars Plaintiff's claim.  This Court has previously dealt with this question and held that Plaintiff's Consumer Fraud Act claim is not barred.  <u>See</u> <u>NN&R</u>, 362 F.Supp.2d at 521.  Triester also argues that Plaintiff has failed to "allege any specific statements that were made or withheld by Robert Kaysen" and, thus, that the amended complaint does not satisfy the heightened pleading requirements of Rule 9(b).  (Def. Br. at 16.)  As explained <u>infra</u>, Section III(A)(1), this argument is likewise flawed.  (<u>See</u> Am. Compl. ¶¶ 4, 5.)

8

"An unconscionable commercial practice necessarily entails a lack of good faith, fair dealing, and honesty. The capacity to mislead is the prime ingredient of all types of consumer fraud. Mere customer dissatisfaction does not constitute consumer fraud." In re Van Holt, 163 F.3d 161, 168 (3d Cir. 1998). Here, Plaintiff claims that Defendants failed to make certain payments for "replacement cost" under the Policy "even though they led Plaintiff into believing they would at the time Plaintiff entered into the said insurance contract in violation of" the Consumer Fraud Act. (Am. Compl. Count II ¶ 10.) This is the sort of conduct prohibited by the New Jersey Consumer Fraud Act.[3] See Ji v. Palmer, 755 A.2d 1221 (N.J. Super. Ct. App. Div. 2000) (holding affirmative misrepresentations sufficient under the Consumer Fraud Act, even in the absence of knowledge of falsity of the misrepresentation or intent to deceive).

To be sure, "[t]he mere denial of insurance benefits to which . . . plaintiffs believe[] they [are] entitled does not comprise an unconscionable commercial practice." In re Van Holt, 163 F.3d at 168. "Mere customer dissatisfaction does not constitute consumer fraud." Id. at 168. Here, though, Plaintiff is alleging more than just the denial of insurance coverage. Rather, as already noted, Plaintiff has claimed that a Triester

---

[3] It is well-settled that the Consumer Fraud Act applies to the sale of insurance policies. Lemelledo v. Beneficial Management Corp. of America, 696 A.2d 546 (N.J. 1997).

9

employee represented to Plaintiff that the incremental increases in its insurance premium would be accompanied by increases in coverage, when such was not the case. For present purposes, that allegation is sufficient. Count II will survive Defendant's Rule 12(c) motion.

    C.   <u>Count III – Bad Faith Dealing</u>

In Count III, Plaintiff claims that Triester committed "bad faith dealing" in connection with the issuance of the Policy and subsequent denial of claims.[4] New Jersey courts imply a duty of good faith and fair dealing in all contracts. <u>Paul Revere Life Ins. Co. v. Pataniak</u>, 2004 U.S. Dist. LEXIS 7669, at *6 (D.N.J. 2004). "[W]hen a breach of the duty of good faith and fair dealing can be shown, liability may be had in tort as well as in contract under New Jersey common law." <u>Id.</u> at *7. In the context of a denial of insurance benefits, New Jersey applies the "fairly debatable" standard – "[i]f a claim is 'fairly debatable,' no liability in tort will arise." <u>Pickett v.</u>

---

[4] Triester argues that Count III is barred by the applicable statute of limitations. This argument is meritless. <u>See</u>, <u>infra</u> n.2.

Lloyd's, 621 A.2d 445, 453 (N.J. 1993).  More specifically,

> [t]o show a claim for bad faith, a plaintiff must show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim.  It is apparent, then, that the tort of bad faith is an intentional one. *** implicit in that test is our conclusion that the knowledge of the lack of a reasonable basis may be inferred and imputed to an insurance company where there is a reckless *** indifference to facts or to proofs submitted by the insured.

Id. (citing Bibeault v. Hanover Ins. Co., 417 A.2d 313, 319 (R.I. 1980)).

Here, Plaintiff has pleaded an absence of good faith on the part of Triester for (1) under-insuring the property and concealing information relating to that fact; (2) misrepresenting the terms of the Policy; (3) failing to reinstate Plaintiff's restaurant insurance Policy; (4) failing to inform Plaintiff of policy changes in or about July 16, 1999; (5) its deceptive and misleading actions in processing Plaintiff's claim; (6) intentionally defaulting on payments due; and (7) cancelling Plaintiff from future coverage without providing notice or explanation therefor.  (Am. Compl. Count III.)

Without citing any authority, Triester argues that the nature of its role as an insurance broker is such that it would "not [be] involved in the handling of [insurance] claims."  (Def. Br. at 14.)  Under the New Jersey Insurance Producer Licensing Act, an "insurance broker" is "a person who, for commission,

brokerage fee, or other consideration, acts or aids in any manner concerning <u>negotiation, solicitation or effectuation of insurance contracts</u> as the representative of an insured or prospective insured; or a person who places insurance in an insurance company that he does not represent as an agent." N.J.S.A. 17:22A-2(g) (emphasis added).  Thus, at least as to several of the claims made by Plaintiff in Count III – i.e., concealing certain information and misrepresenting policy terms – Triester could have committed the conduct alleged and incurred liability under the New Jersey doctrine of breach of good faith and fair dealing. Plaintiff's claim is, thus, sufficient to withstand the present motion.  Count III will remain.

     D.   <u>Count IV – New Jersey Unfair Claim Settlement Act</u>

Finally, in Count IV of the Amended Complaint Plaintiff claims that Defendants violated the New Jersey Unfair Claim Settlement Practices Act, N.J.S.A. 17B:30-13.1, by misrepresenting the terms of the casualty and business loss policies at issue here.  (Am. Compl. Count IV ¶¶ 4, 5.) Additionally, Plaintiff claims that Defendants "failed to promptly settle claims, where liability for total loss [was] not subject to legitimate dispute."  (<u>Id.</u> ¶ 6.)

Triester argues that the Unfair Claim Settlement Act does not apply to general liability and property insurance like the Policy here.  The full title of the Act makes clear that

Defendant is correct and that this action is not governed by that provision: "An Act prohibiting insurance companies from engaging in unfair claims settlement practices, concerning life and health insurance . . . ."[5] (emphasis added); see Pickett, 621 A.2d at 451.  Count IV will be dismissed.

**IV.  CONCLUSION**

For the reasons stated, Defendant Triester's motion to dismiss the Amended Complaint will be granted as to Count IV, and Plaintiff's claim under the New Jersey Unfair Claim Settlement Act in Count IV will be dismissed.  This motion to dismiss is otherwise denied as to Counts I, II and III.  The accompanying Order is entered.

**June 28, 2005**                                       s/ *Jerome B. Simandle*
Date                                                        JEROME B. SIMANDLE
                                                              U.S. District Judge

---

[5] Defendant additionally maintains that the Unfair Claims Settlement Practices Act does not provide a private right of action. (Def. Br. at 5.)  As the Court has previously recognized in this case, whether a private right of action exists under the Unfair Claims Settlement Practices Act is a question better left to New Jersey courts to resolve.  NN&R, 362 F.Supp.2d at 524 n.4.