```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY
```

NN&R, INC.,

                Plaintiff,      HON. JEROME B. SIMANDLE

     v.

ONE BEACON INSURANCE GROUP,      Civil No. 03-5011 (JBS)
and its successor, derivative
or acquiring entities and          **OPINION**
TRIESTER, ROSSMAN &
ASSOCIATES, INC.,

                Defendants.

APPEARANCES:

Daniel B. Zonies, Esq.
LAW OFFICES OF DANIEL B. ZONIES
1522 Route 38
Cherry Hill, New Jersey 08002
    Attorney for Plaintiff

Mark J. Hill, Esq.
Diana L. Moro, Esq.
MARK J. HILL & ASSOCIATES, P.C.
400 North Church Street
Suite 250
Moorestown, New Jersey 08057
    Attorneys for Defendant/Third-Party Plaintiff One Beacon
    Insurance Group

Cheryl M. Nicolson, Esq.
MALLON & BLATACHER, ESQS.
608 N. Broad Street
Suite 310
Woodbury, New Jersey 08096
    Attorney for Defendant/Third-Party Defendant Triester,
    Rossman & Associates, Inc.

**SIMANDLE**, U.S. District Judge:

    Defendant/Third-Party Plaintiff OneBeacon Insurance Group ("OneBeacon") has moved to sever and compel arbitration of all

claims between itself and Defendant/Third-Party Defendant Triester, Rossman & Associates, Inc. ("Triester"). The narrow issue before the Court is whether OneBeacon has waived its right to compel arbitration of those claims pursuant to the parties' agency agreement. For the following reasons, the Court holds that OneBeacon has waived its right to compel arbitration and, therefore, that its motion will be denied.

I.  **BACKGROUND**

This action arises from the structural collapse of a building at 326 Market Street, Camden, New Jersey. Plaintiff, a New Jersey corporation and the alleged owner and operator of a small restaurant and apartment units located at that address, alleges that the building was severely damaged in February 2000 when the contiguous property was legally demolished. Prior to that event, CGU Insurance, the predecessor to OneBeacon, issued insurance policies through Triester which provided property and liability coverage to Plaintiff. A dispute involving one of those policies, Number CPLP 53356 (the "Policy"), has given rise to this action.

Plaintiff, together with William Rosenberg, filed its original complaint against OneBeacon in Superior Court, Camden County, New Jersey, alleging claims of breach of contract and common law fraud, as well as claims under the Consumer Fraud Act. (Compl.) The case was removed to this Court by OneBeacon on

October 22, 2003.  On October 28, 2003, OneBeacon filed a third-party complaint against Triester alleging negligence and breach of the Agency Agreement between Triester and OneBeacon's predecessor, CGU, executed on December 18, 1998 ("Agency Agreement").  (See Third-Party Compl. ¶¶ 24, 25.)

OneBeacon subsequently moved on March 11, 2004 for dismissal and a more particularized pleading of the fraud claims asserted by Plaintiff in the original complaint.  By Order dated May 7, 2004, this Court dismissed all claims asserted by William Rosenberg individually, and granted OneBeacon's motion for a more particularized pleading, requiring Plaintiff to file and serve an amended complaint.  Plaintiff filed its Amended Complaint on May 27, 2004 against OneBeacon and Triester, claiming breach of contract, bad faith dealing and common law fraud, as well violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, and the New Jersey Unfair Claim Settlement Practices Act, N.J.S.A. 17B:30-13.1.[1]  (Am. Compl.)

On July 19, 2004, Triester filed a cross-claim against OneBeacon for contribution and/or indemnity.[2]  Almost nine months

---

[1] OneBeacon filed a motion to dismiss Plaintiff's Amended Complaint on August 5, 2004.  On October 14, 2004, Triester filed a motion under Fed. R. Civ. P. 12(c), seeking judgment on the pleadings in its favor and against Plaintiff.  The Court treated with the motions separately, granting each in part.

[2] Triester filed a third-party complaint against Triple C Enterprises, Inc. and W. Hargrove Demolition Co., Inc. on February 25, 2005.

later, on April 8, 2005 OneBeacon filed a cross-claim against Triester identical in substance to its third-party claim.  On October 6, 2005, Triester made a demand for indemnification, including attorney's fees and costs, against all liability arising out of the errors and omissions of OneBeacon.  (OneBeacon Ex. 2.)  On October 18, 2005, OneBeacon denied Triester's request for indemnification and demanded arbitration pursuant to the Agency Agreement.  (Triester Ex. K.)

Defendant OneBeacon filed the instant motion to compel arbitration on November 17, 2005.  On January 20, 2006, OneBeacon filed a motion for summary judgment against Triester on its third-party claims, which is currently pending.  On January 23, 2006, the Court heard oral argument on OneBeacon's motion to sever all third-party claims and compel arbitration.

**II.   DISCUSSION**

    A.   <u>Agency Agreement</u>

In support of its motion to compel arbitration, OneBeacon relies on the language of the Agency Agreement.  Section IX of that agreement provides, in part:

> If any dispute or disagreement shall arise in connection with any interpretation of this Agreement, its performance or nonperformance, the parties shall make every effort to meet and settle their dispute in good faith informally.  If the parties cannot agree on a written settlement to the dispute within thirty (30) days after it arises, or within a longer period agreed upon by the parties, then the matter in controversy shall be settled by arbitration, in accordance with the rules of the American Arbitration Association, and

>       judgment upon the award rendered by arbitrator(s) may
>       be entered in any court having jurisdiction.

(November 7, 2005 Moro Cert., Ex. B.)  Triester concedes that the claims between itself and OneBeacon for defense and immunity are within the contemplation of the arbitration clause contained in the Agency Agreement.  (Triester Opp. Br. at 3.)  Instead, Triester argues that OneBeacon has waived the right to invoke the arbitration clause.

   Before the Court discusses whether OneBeacon has waived its right to compel arbitration, it must first determine when that right under the Agency Agreement arose.  OneBeacon maintains that "[i]t is not the original litigation filed by [Plaintiff] that triggers OneBeacon's right to demand arbitration, but rather, as outlined in the Agency Agreement, [Triester's] demand [on October 6, 2005], after more than two years of litigation, for indemnification, assumption of its defense and counsel fees." (OneBeacon Reply Br. at 1.)  There is simply no support for OneBeacon's position.

   The relevant provision of the Agency Agreement is clear. Pursuant to Section IX, either OneBeacon or Triester may seek to compel arbitration if "any dispute or disagreement shall arise in connection with any interpretation of this Agreement, its performance or nonperformance . . . ."  (November 7, 2005 Moro Cert., Ex. B.)  OneBeacon filed its Third-Party Complaint against Triester alleging a claim for breach of the Agency Agreement on

5

October 28, 2003.  Therefore, the dispute between OneBeacon and Triester arose, at the latest, on that date.  Indeed, counsel for OneBeacon conceded at oral argument that OneBeacon could have moved to compel arbitration pursuant to the Agency Agreement on the date it filed the Third-Party Complaint:

> MS. MORO:    [P]laintiff brought his suit initially against OneBeacon only.  We joined TRA initially –
>
> THE COURT:   Was there anything that prevented you from seeking arbitration as to TRA at that time?
>
> MS. MORO:    There was not, you Honor.

(1/23/06 Draft Tr. 5:18-22.)

Despite the foregoing, OneBeacon argues that the appropriate "trigger date" for determining when its right to arbitrate arose is October 6, 2005, the date on which Triester made its written demand for indemnification.  In support of its contention, OneBeacon maintains that the existing third-party claims constitute "separate" disputes.  (See OneBeacon Reply Br. at 2 n.1.)  This argument is unconvincing.  Indeed, OneBeacon's motion seeks to compel arbitration of "all claims" between itself and Triester, thereby obviating any distinction between the existing third-party claims.  OneBeacon's reasoning is, thus, self-defeating.[3]

---

[3] Even if the Court were to treat the third-party claims separately, the date triggering arbitration on Triester's cross-claim against OneBeacon would be July 19, 2004 – the date Triester filed its cross-claim for contribution and

6

For these reasons, the Court holds that OneBeacon's right to arbitrate the claims between itself and Triester arose in October of 2003. The remaining issue, then, is whether OneBeacon has since waived its right to arbitration.

B. <u>Waiver of the Right to Compel Arbitration</u>

"[A] party waives the right to compel arbitration only in the following circumstances: when the parties have engaged in a lengthy course of litigation, when extensive discovery has occurred, and when prejudice to the party resisting arbitration can be shown."[4] <u>Great Western Mortgage Corp. v. Peacock</u>, 110 F.3d 222, 233 (3d Cir. 1997) (citing <u>PaineWebber Inc. v. Faragalli</u>, 61 F.3d 1063, 1068-69 (3d Cir. 1995); <u>Gavlik Const. Co. v. H.F. Campbell Co.</u>, 526 F.2d 777, 783-84 (3d Cir. 1975) (rejecting argument that party compelling arbitration waived right by filing third-party complaint, because prejudice was not shown); <u>Hoxworth v. Blinder, Robinson & Co. Inc.</u>, 980 F.2d 912, 925-27 (3d Cir.

---

indemnification against OneBeacon – and not, as OneBeacon argues, the date that Triester made its demand for indemnification. That OneBeacon waited over one year after that date to file the instant motion lends further support to the Court's conclusion, <u>infra</u>, that OneBeacon has waived its right to compel arbitration.

[4] Also relevant to the waiver inquiry is "the degree to which the party seeking to compel arbitration has contested the merits of its opponents' claims; whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings; the extent of its non-merits motion practice; its assent to the district court's pretrial orders; and the extent to which both parties have engaged in discovery." <u>Hoxworth</u>, 980 F.2d at 926-27 (citations omitted).


1992) (holding party waived right to compel arbitration because by contesting the merits in litigation, party opposing arbitration had been prejudiced)).  The Court will discuss each requirement in turn.

      1.   <u>Lengthy Course of Litigation</u>

The dispute between OneBeacon and Triester has been pending almost as long as the underlying litigation initiated by Plaintiff, that is, more than two years.  Importantly, the original complaint filed by Plaintiff did not name Triester as a defendant.  Rather, as Triester points out, "OneBeacon joined [Triester] in this litigation more than two years ago, alleging breach of the Agency Agreement, which contains the Arbitration clause it now seeks to invoke."  (Triester Opp. Br. at 5-6.)  Since that time, Triester answered OneBeacon's third-party complaint; Triester filed a cross-claim against OneBeacon; OneBeacon filed a cross-claim against Triester; Hon. Joel B. Rosen, Magistrate Judge, convened eight conferences; and extensive discovery has been completed.

To resolve any doubt that OneBeacon has substantially invoked the litigation process, OneBeacon recently moved for summary judgment against Triester.  The filing of this dispositive motion indicates that, as far as OneBeacon is concerned, factual discovery is complete and there remain no material issues of fact in dispute regarding the third-party

claims.  In other words, OneBeacon's motion marks the approaching end of what has already been a lengthy course of litigation.  See National Foundation for Cancer Research v. A.G. Edwards & Sons, Inc., 821 F.2d 772, 775-76 (D.C. Cir. 1987) (holding party had waived its right to compel arbitration of claims which it had litigated for three years, and had even submitted to the court in a summary judgment motion).

      2.   Extensive Discovery

During the pendency of this litigation, OneBeacon has served Triester with document production requests, a request for admissions, notice of deposition of two Triester employees, and has subpoenaed records from the former business of the president of Triester.  Moreover, according to Triester, all parties have already exchanged expert reports and depositions of all expert witnesses were to have been completed by December 7, 2005. OneBeacon maintains that the discovery that has been conducted "was in pursuit of information which would lead to the defense of the claims brought by Plaintiff."  (OneBeacon Reply Br. at 5.) The Court is not persuaded by OneBeacon's argument.

In the first instance, Triester maintains that "[t]housands of pages of documents have been exchanged between OneBeacon and [Triester] relating to OneBeacon's claim that [Triester] breached the Agency Agreement."  (Triester Opp. Br. at 6).  Moreover, as counsel for Triester represented to the Court at oral argument,

at least some of that discovery would not have been conducted in any event.  See Eagle Traffic Control, Inc. v. James Julian, Inc., 954 F. Supp. 834, 835 (E.D.Pa. 1996) (finding defendant's decision to pursue discovery of the arbitrable claims themselves, and not the defendant's decision to pursue same discovery for use in a related state court action, inconsistent with a duty to arbitrate).  Specifically, counsel for Triester represented at oral argument that Triester took certain depositions relating to the third-party claims before Plaintiff had noticed the same, and as the discovery deadline was approaching.  The Court is not willing to assume that this discovery would have been taken by Plaintiff had Triester not pursued the same.  That Plaintiff may ultimately benefit from Triester's efforts does not change this result.

       3.    Prejudice

According to Triester, "it has incurred significant legal fees in the defense of this case.  It has participated in full-fledged discovery, expert preparation, and expert witness depositions.  The only remaining activities to be completed in this litigation [is] . . . trial."  (Triester Opp. Br. at 6.) Based on these representations, the Court agrees that Triester will be prejudiced if the Court grants the motion to compel arbitration at this late date.

To be sure, in <u>Gavlik</u> the Third Circuit rejected the argument that the party compelling arbitration waived its right by filing a third-party complaint, because prejudice was not shown.  526 F.2d at 783-84.  In that case, though, unlike here, the defendant moved for a stay pending arbitration the same day it removed the action to federal court.  The defendant had not answered the complaint and neither party had commenced discovery.  Based on those factors, the court held that the plaintiff did not suffer any prejudice resulting from the defendant's actions in filing a third-party complaint and moving for consolidation of a related suit.  <u>Id.</u> at 783-84.  <u>See also</u> <u>Hoxworth</u>, 980 F.2d at 925-27 (holding party waived right to arbitration because by contesting the merits in litigation, party opposing arbitration had been prejudiced).

Here, on the other hand, the third-party complaint filed by OneBeacon was followed by OneBeacon's extensive discovery efforts and the expenditure of substantial time and resources by the Court and the litigants.  Additionally, little or none of the formal discovery which has been conducted would likely have been permitted in the AAA Arbitration.  <u>See</u> <u>Hoxworth</u>, 980 F.2d at 926 (accepting plaintiffs' argument that they suffered prejudice because "defendants were able to use the Federal Rules to conduct discovery not available in the arbitration forum").  For these

reasons, the Court is satisfied that Triester will be prejudiced if the instant motion to compel arbitration is granted.

### III. CONCLUSION

For the reasons explained supra, the Court will deny the motion by OneBeacon to compel arbitration of all claims pending between itself and Triester. The accompanying Order is entered.

**January 30, 2006**　　　　　　　　**s/ Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　U.S. District Judge